USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/31/2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------X
UNITED STATES OF AMERICA              :
                                      :     No. 11 Cr. 912 (JFK)
    -against-                         :     No. 16 Civ. 2087 (JFK)
                                      :
JAMAL FRAZER,                         :     OPINION & ORDER
                                      :
                         Defendant.   :
-------------------------------------X
```

APPEARANCES

FOR DEFENDANT JAMAL FRAZER:
    Jeffrey G. Pittell
    MAHER PITTELL, LLP

FOR THE UNITED STATES OF AMERICA:
    Christopher J. DiMase
    U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOHN F. KEENAN, United States District Judge:**

    Before the Court is Defendant-Petitioner Jamal Frazer's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, Frazer's motion is DENIED.

    **I.  Background**

    On January 8, 2013, Frazer and eight others were charged with a series of federal offenses for their roles in a violent armed robbery crew that primarily targeted drug dealers in the Bronx. As relevant here, Frazer was charged with one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 ("Count One"); one count of substantive Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2 ("Count Seven"); one

count of carjacking, in violation of 18 U.S.C. §§ 2119 and 2 ("Count Eight"); and one count of brandishing a firearm during and in relation to the substantive Hobbs Act robbery charged in Count Seven and the carjacking charged in Count Eight, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 924(c)(1)(C)(i), and 2 ("Count Nine").  Counts Seven, Eight, and Nine stemmed from Frazer's armed robbery of a white BMW sedan in the Bronx on or about July 28, 2010, during which he and one of his co-conspirators approached the BMW while it was parked on the street, pulled the occupants out of the vehicle at gunpoint, robbed them of cash and jewelry, and then drove off with the car.

On June 4, 2013, Frazer pleaded guilty, pursuant to a plea agreement, to Counts One and Nine.  During his plea allocution, Frazer explained under oath that:

> THE DEFENDANT:  From 2009 to 2010, in the Bronx and elsewhere, I agreed with others to commit robberies amongst other[] people like drug dealers.  And in July 2010, amongst others, I possessed and pointed a firearm at a man in the Bronx, stole money and jewelry and a car.
> THE COURT:  From that man?
> THE DEFENDANT:  Yes, sir.
> THE COURT:  You knew that was wrong and against the law, is that right?
> THE DEFENDANT:  Yes, sir.

(Plea Tr. at 17:19–18:3, ECF No. 98.)  On February 24, 2014, this Court sentenced Frazer to a 154-month term of incarceration to be followed by three years of supervised release and granted the

2

Government's motion to dismiss all remaining open counts against Frazer, including Counts Seven and Eight.  (Sent. Tr. at 9:12-12:11, ECF No. 169.)

On March 21, 2016, Frazer filed a pro se motion to vacate his convictions based on ineffective assistance of counsel and other grounds.  (ECF No. 245.)  The Court ordered Frazer's trial counsel to provide sworn testimony and set a briefing schedule for Frazer's motion.  On June 23, 2016, however, the Court received a letter from the Federal Defenders of New York requesting leave to amend Frazer's habeas petition to include claims arising out of the United States Supreme Court's decisions in Johnson v. United States, 576 U.S. 591 (2015), and Welch v. United States, 136 S. Ct. 1257 (2016), which held the so-called "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e), to be unconstitutionally vague.  (ECF No. 277.)  Consistent with Chief Judge McMahon's standing order, In re Petitions Under 28 U.S.C. §§ 2255 and 2241 in Light of Johnson v. United States, 16 Misc. 217 (S.D.N.Y. Jun. 8, 2016), the Court granted Frazer's request for leave to amend his initial habeas petition.

On August 29, 2016, the Court granted Frazer's subsequent request for appointment of counsel and directed his newly appointed counsel, Jeffrey G. Pittell, to review Frazer's pro se § 2255 filings and submit one petition that adopted, amended, or

3

withdrew Frazer's pro se claims and added any new Johnson-related claims. (ECF Nos. 285, 295.) On December 19, 2016, Frazer (through his newly appointed counsel) withdrew his pro se § 2255 motions and submitted a replacement § 2255 motion. (ECF No. 294.) Frazer's replacement motion argued that his § 924(c) conviction under Count Nine was unconstitutional in light of Johnson. In the alternative, Frazer requested the Court stay consideration of his petition pending the disposition of certain cases addressing the constitutionality of § 924(c). The following day, the Court stayed this case. (ECF No. 295.)

On April 22, 2020, Frazer (through his counsel) filed a supplemental memorandum of law in further support of his habeas petition. (ECF No. 320.) Frazer's supplemental filing argued that his conviction and sentence under Count Nine should be vacated because his plea allocution does not support the predicate offense of carjacking and Hobbs Act robbery cannot be deemed a "crime of violence" following the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019), which, similar to Johnson, ruled that the residual clause of § 924(c) was unconstitutionally vague.

On June 3, 2020, the Court denied a request by Frazer for appointment of new counsel. (ECF No. 326.) At the same time, the Court lifted the stay in this case, and on June 12, 2020, the Government opposed Frazer's motion arguing that his § 924(c)

4

conviction remains valid in light of the Second Circuit's decision in United States v. Hill, 890 F.3d 51 (2d Cir. 2018), cert. denied, 139 S. Ct. 844 (2019), which ruled that Hobbs Act robbery is a crime of violence under the so-called "force clause" of 18 U.S.C. § 924(c)(3)(A).  Accordingly, the Government argued, Frazer's allocution to the completed Hobbs Act robbery charged in Count Seven—which was subsequently dismissed as part of Frazer's plea agreement—constitutes a valid predicate offense for his § 924(c) conviction in Count Nine.  (ECF No. 340.)  The Government also argued that Frazer's plea allocution is sufficient to support a carjacking offense.  On July 15, 2020, Frazer filed a letter in reply arguing that Hill is outdated in light of the Supreme Court's decision in Davis.  (ECF No. 343.)

**II.  Discussion**

    **A.  Legal Standard**

Pursuant to 28 U.S.C. § 2255, a prisoner sentenced in federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" if the prisoner claims that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

**B. Analysis**

18 U.S.C. § 924(c) imposes a mandatory, consecutive sentence for "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). As relevant here, § 924(c)'s so-called "elements clause" or "force clause" defines "crime of violence" as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). "Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c)(3)(A)." Hill, 890 F.3d at 53; see also United States v. Barrett, 937 F.3d 126, 128 (2d Cir. 2019) (decided post-Davis and explaining that substantive Hobbs Act robbery is a valid predicate offense for a § 924(c) conviction).

As explained in Johnson v. United States, 779 F.3d 125, 126 (2d Cir. 2015), "a conviction under 18 U.S.C. § 924(c) requires legally sufficient proof that the predicate crime of violence . . . was committed[; it] does not require a conviction for that predicate crime." Therefore, "Hobbs Act robbery may serve as a predicate for Petitioners' § 924(c) convictions even though Petitioners . . . were not convicted of robbery." United States v. White, No. 16 Cr. 82 (VEC), 2020 WL 5898680, at *3 (S.D.N.Y. Oct. 5, 2020).

Frazer acknowledges that Hill remains controlling precedent in the Second Circuit, but he urges the Court to follow the reasoning of a district court in another circuit. See United States v. Chea, No. 98 Cr. 20005 (CW), 2019 WL 5061085, at *13 (N.D. Cal. Oct. 2, 2019) (holding Hobbs Act robbery is not categorically a crime of violence under the elements clause of § 924(c)). The Court cannot do so. "Although Hill was decided before Davis, the Second Circuit has repeatedly reaffirmed the vitality of Hill post-Davis," White, 2020 WL 5898680, at *3 (collecting cases), and on March 31, 2021, the Second Circuit again ruled that Hill remains binding precedent, see United States v. Felder, --- F.3d ---, No. 19-897, 2021 WL 1201340, at *15–16 (2d Cir. Mar. 31, 2021) (explaining Hobbs Act robbery is a categorical crime of violence).

Based on the record before the Court, there is legally sufficient proof that Frazer committed Hobbs Act robbery while brandishing a firearm; the Court need not resolve whether the record also establishes that he committed a carjacking offense. Accordingly, because Hobbs Act robbery is a valid predicate offense for a § 924(c) conviction, Frazer's motion to vacate his § 924(c) conviction and sentence must be denied. See Felder, 2021 WL 1201340, at *15 (rejecting challenge to § 924(c) conviction); White, 2020 WL 5898680, at *5–6 (denying petitions to vacate § 924(c) convictions where "[e]ach Petitioner, during his plea

allocution, admitted using, discharging, or possessing a firearm (or aiding and abetting the use, discharge, or possession thereof) in connection with or in furtherance of at least one Hobbs Act robbery").

### III. Conclusion

For the reasons set forth above, Defendant Jamal Frazer's motion to vacate, set aside, or correct his sentence is DENIED.

The Court declines to issue a certificate of appealability because Frazer has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Krantz v. United States, 224 F.3d 125, 127 (2d Cir. 2000); White, 2020 WL 5898680, at *6. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motions docketed at ECF No. 245, 284, and 294 in criminal case 11-CR-00912-JFK-5 and close civil case 16-CV-02087-JFK.

**SO ORDERED.**

Dated:   New York, New York
         March 31, 2021

_____
John F. Keenan
United States District Judge